WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York  10110
Phone: 212-382-3300
Fax: 212-382-0050
Paul R. DeFilippo, Esq.,
Email: pdefilippo@wmd-law.com

*Proposed Attorneys for Blue Dog at 399 Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 15-10694 (MEW) |
| BLUE DOG AT 399 INC., | Chapter 11 |
| Debtor. | |

**DECLARATION OF ELIZABETH SLAVUTSKY PURSUANT TO LOCAL RULE 1007-2 IN SUPPORT OF DEBTOR'S CHAPTER 11 PETITION**

Pursuant to 28 U.S.C. § 1746, Elizabeth Slavutsky declares as follows:

1. I am the sole director and a shareholder of Blue Dog at 399 Inc., a New York corporation and the above-captioned debtor (the "***Debtor***").

2. I have personal knowledge of the facts set forth herein.  Pursuant to Rule 1007-2 of the Local Rules of this Court, I submit this declaration in support of the Debtor's voluntary petition (the "***Petition***") for relief under Chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") filed in this Court on the date hereof (the "***Petition Date***").

**A. Debtor's Business and Events Leading to the Petition Filing**

3. The Debtor was formed to operate a restaurant and catering at a premises located at 399 Park Avenue, New York, NY premises located at 399 Park Avenue, New York, New York

10022 (the "*Premises*"), which the Debtor leased from BP 399 Park Avenue LLC (the "*Landlord*") under a lease (the "*Lease*") for a term of approximately ten (10) years.

4. In connection with the Lease, the Debtor spent over $1.6 million making substantial improvements to the Premises. After the Debtor made such improvements and after nearly all agreed renovations to the Premises were completed, the Landlord wrongfully hindered and refused to allow the Debtor to commence business operations on the Premises.

5. Recently, the Landlord sought to evict the Debtor and repossess the Premises in connection with an action titled *Blue Dog At 399 Inc. v. BP 399 Park Avenue LLC*, Index No. 653158/2012, in New York County Supreme Court.

6. As of the Petition Date, substantial property of the Debtor is located on the Premises and funds belonging to the Debtor are held in security deposits or escrow accounts maintained by or on behalf of the Landlord.

7. The Debtor's rent payments in connection with the Lease are current as of the Petition Date. It is the Debtor's position that, as of the Petition Date, it's Lease and rights to possession of the Premises were not validly terminated. That leasehold interest is a vital asset of the Debtor.

8. Having reason to believe the Landlord would imminently repossess and re-lease the Premises, the Debtor commenced the above-captioned Chapter 11 case. The Debtor seeks to use the protections afforded by Chapter 11 to preserve its interests in the property located on the Premises and property held by the Landlord and to preserve the Debtor's leasehold interest in the Premises, while the Debtor seeks adjudication of its interest in the Lease.

9. The Debtor is entitled to the benefit of the ten (10) year lease for which it bargained and for which the Debtor made over $1.6 million of improvements to the Premises. Protecting

15-10694-mew    Doc 3    Filed 03/25/15    Entered 03/25/15 16:52:42    Main Document
                                  Pg 3 of 4

the Debtor's interests in its property and permitting the Debtor to commence business operations on the Premises will allow the Debtor to maximize its value for the benefit of all stakeholders.

### B. Additional Information Regarding the Debtor, Creditors, Assets and Liabilities

10. The Debtor's Petition, along with the Certificate of Corporate Resolution authorizing this Chapter 11 filing and the List of Creditors Holding 20 Largest Unsecured Claims attached to the Petition, are incorporated herein by reference.

11. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

12. Regarding information with respect to holders of the five (5) largest secured claims against the Debtor, such information is to be determined based on ongoing examination of the Debtor's currently available books and records, which are located at the Debtor's address at 111 W 67 Street, #21N, New York, New York 10023.

13. I am the sole management of the Debtor and the Debtor has no other employees.

14. Aside from the foregoing, as of the Petition Date, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidators, secured creditors, or agents of such person.

### Conclusion

15. The Debtor seeks to prevent the Landlord from wrongfully and imminently repossessing the Premises and Debtor's property on the Premises. The Debtor also intends to seek reinstatement or assumption of the Lease to commence business operations on the Premises in order to permit a reorganization which treats all creditors and stakeholders in a fair and equitable manner consistent with the Bankruptcy Code.

I declare under penalty of perjury that the information contained in this declaration is true and correct.

March 25, 2015

                                        BLUE DOG AT 399 INC.

                                        By:_____
                                        Name: Elizabeth Slavutsky
                                        Title: Sole Director and Shareholder