15-10694-mew    Doc 126    Filed 06/07/18    Entered 06/07/18 18:41:51    Main Document
                                    Pg 1 of 6


Melanie L. Cyganowski, Esq.
OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:  (212) 661-9100
Facsimile:  (212) 682-6104

*Proposed Counsel for Blue Dog at 399 Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re :                                         :
                                                : Chapter 11
BLUE DOG AT 399 INC.,                           :
                                                : Case No. 15-10694 (MEW)
                    Debtor.                     :
------------------------------------------------------------- x
BLUE DOG AT 399 INC.,                           :
                                                : Adv. Pro. No. 15-01097 (MEW)
                    Debtor.                     :
                                                :
        Against                                 :
                                                :
BP 399 PARK AVENUE LLC,                         :
                                                :
                    Defendant.                  :
------------------------------------------------------------- x

**APPLICATION OF DEBTOR TO AMEND ORDER APPROVING RETENTION OF
WEINBERG ZAREH MALKIN PRICE LLP AS SPECIAL LITIGATION COUNSEL**

TO:   HONORABLE MICHAEL E. WILES,
      UNITED STATES BANKRUPTCY JUDGE:

Blue Dog at 399 Inc., the debtor and debtor-in-possession (the "**Debtor**"), respectfully submits this application (the "**Application**") for entry of an order substantially in the form attached hereto as <u>Exhibit A</u> (the "**Amended Retention Order**"), amending the June 5, 2017 Order of the Court approving the retention of Weinberg Zareh Malkin Price LLP ("**Weinberg Zareh**") as special litigation counsel for the Debtor (the "**Retention Order**") [Adv. Pro. Dkt. No. 68] and respectfully states as follows:

5306631.1

**PRELIMINARY STATEMENT**

1. The Retention Order, a copy of which is annexed hereto as <u>Exhibit B</u>, was entered at a time when the Debtor's estate generally lacked sufficient liquidity to compensate Weinberg Zareh for fees and costs in connection with its representation of the Debtor in prosecuting the above-captioned adversary proceeding (the "**Adversary Proceeding**").

2. The Retention Order authorizes the Debtor's principal, Elizabeth Slavutsky, and not the Debtor, to advance and pay all fees and costs to compensate Weinberg Zareh in accordance with the retention application and retention agreement, dated March 1, 2017.

3. Circumstances have changed since the entry of the Retention Order. Specifically, the Debtor is (concurrently with this Application) seeking to obtain senior secured post-petition financing up to an aggregate amount of $1,774,100 (the "**DIP Facility**"). The primary purpose of the DIP Facility is to provide the liquidity needed to pursue certain litigation claims, including the Adversary Proceeding, which are valuable assets of the Debtor's estate. Preservation of the Adversary Proceeding and other litigation to be commenced is critical to enable the Debtor to administer its estate, to maximize value for the benefit of its creditors and to emerge as a reorganized debtor.

4. By this Application, the Debtor requests authority to amend the Retention Order to allow Weinberg Zareh to be compensated from the Debtor's estate for fees and costs in connection with Weinberg Zareh's representation of the Debtor in the Adversary Proceeding.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5306631.1

6. The statutory predicates for the relief requested in this Application include Sections 327 and 328 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

7. On March 24, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

8. The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors has been appointed.

9. On April 17, 2015, the Debtor commenced the Adversary Proceeding against its landlord, BP 399 Park Avenue LLC, regarding the Debtor's pre-petition, unexpired lease of commercial space in a building located at 399 Park Avenue, New York, NY.

10. On April 26, 2017, the Debtor filed an application to employ Weinberg Zareh as its special litigation counsel (the "**Retention Application**") to represent it in the prosecution of the Adversary Proceeding and such other related litigation matters, replacing Seyfarth Shaw LLP who was then special litigation counsel for the Debtor. [Adv. Pro. Dkt. No. 63]

11. The Retention Application and the supporting Affidavit of Omid Zareh (the "**Zareh Affidavit**"), stated that Weinberg Zareh would be compensated for its services and reimbursed for its expenses in connection with the Adversary Proceeding solely by payment from the Debtor's principal, Elizabeth Slavutsky, not from the Debtor's estate, pursuant to the

3

retention agreement (the "**Retention Agreement**"), dated March 1, 2017. [Adv. Pro. Dkt. No. 63]

12. On June 5, 2017, the Court entered the Retention Order approving Weinberg Zareh's employment and also authorized Weinberg Zareh's payment of fees and costs by Ms. Slavutsky all in accordance with the Retention Application, the Zareh Affidavit and the Retention Agreement. [Adv. Pro. Dkt. No. 68] The Retention Order prohibited Weinberg Zareh from seeking compensation for services rendered from the Debtor.

## RELIEF REQUESTED

13. The Debtor requests that the Court enter the Amended Retention Order, attached hereto as Exhibit A, to permit Weinberg Zareh to seek compensation of its allowed fees and expenses solely from the Debtor's estate for services rendered and reimbursement of expenses incurred in connection with its representation of the Debtor in the Adversary Proceeding from and after May 1, 2018. Allowed fees and expenses incurred by Weinberg Zareh prior to May 1, 2018 will continue to be the responsibility of Ms. Slavutsky. Payment of Weinberg Zareh's fees and expenses will continue to be subject to the approval of interim and final fee applications and subject to the applicable DIP Budget (as defined in the Order approving the DIP Facility).

14. Modification of an Order is governed by Rule 60 of the Federal Rules of Civil Procedure, as made applicable to this case by Bankruptcy Rule 9024. On this Application, subsection (b)(6) is applicable. It provides:

> (b)    On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the following reasons:
> …
> (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).

4

15. Modification of an Order under Rule 60(b)(6) "is addressed to the sound discretion of the trial court." *In re Enron Corp.*, 352 B.R. 363, 368 (S.D.N.Y. 2006) (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir.1991)). While a motion for relief under Rule 60(b)(6) is granted upon a showing of exceptional circumstances, it is well established that Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served." *Enron*, 352 B.R. at 369.

16. It is respectfully submitted that "exceptional circumstances" are not required in this instance. Nonetheless, the benefits of modifying the Retention Order satisfy the "exceptional circumstances" test, warranting modification of that Order. Subject to the Court's approval, the proposed DIP Facility will provide the Debtor's estate with access to liquidity and allow the Debtor to continue to administer its estate, including the payment of allowed professional fees and other allowed administrative expenses.

17. Thus, under the circumstances, the Debtor believes that it is appropriate for Weinberg Zareh to be compensated for its services by the Debtor's estate.

## **NOTICE**

18. Notice of this Application has been provided to the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn: Greg M. Zipes, Esq.) and all parties that have filed a notice of appearance in this case.

19. No previous request for the relief sought herein has been made to this or any other Court.

[remainder of page left intentionally blank]

5306631.1

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: New York, New York
June 6, 2018

By: */s/Melanie L. Cyganowski*
    Melanie L. Cyganowski

OTTERBOURG P.C.
230 Park Avenue
New York, NY 10169
Telephone:    (212) 661-9100
Facsimile:     (212) 682-6104

*Proposed Counsel for Blue Dog at 399 Inc.*